WesternDis.
October, 1832.

HICKMAN
*vs.*
HUDSON ET AL

---

## HICKMAN *vs.* HUDSON ET AL.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

In an action of boundary, when the true position of several dividing lines depends on the true course of a base line, which calls to run "north forty degrees east, without attending to the variation of the compass, which was eight degrees to the east of north, as ascertained for the purpose of showing the north forty degrees east of the true meridian on the globe;" such line will be taken, and construed to run "north forty degrees east, as shown by the needle, without attention to or allowing first variation.

This is an action of boundary, in which the plaintiff cites the defendants, J. and J. Hudson, who occupy the next plantation below him, and also A. Dupre, whose plantation adjoins the defendants, to appear in court in order to fix and establish the boundary lines between their respective plantations, according to law. The starting point or settled boundary, is at the lower side of A. Dupre's plantation, on Red river. The plaintiff contends, that the lower line of A.

Dupre's plantation, should be run from the fixed or starting point on Red river, north forty degrees east of that point on the globe, or the true meridian line; and that the other lines between the respective parties, be run parallel therewith; allowing to each, his proper distance of front on the river. The defendants averred, that the lower line of Dupre's should begin at the same point, but run north forty degrees east, without attending to the variation of the needle, &c.; and that all the other lines be run parallel thereto, &c. The case depends mainly on the construction of an old Spanish survey, which is fully set forth in the opinion of the court. The plaintiff had judgement according to his construction of the survey. The defendant appealed.

WESTERN DIS.<br>October, 1832.<br><br>HICKMAN<br>vs.<br>HUDSON ET AL.

*Thomas*, for plaintiff, contended:

1. That the Spanish survey of 1794, fixing the line on which these others are based, must govern in ascertaining the true course they are to be run.
2. According to the language used in the Spanish survey, this line is to be run north forty degrees east, magnetically, without making any allowance for the variation of the compass.

*Boyce*, contra, argued:

That by the language used in the Spanish survey, the base line was to be run north forty degrees east, so as to give the true meridian or point on the globe, after allowing eight degrees for the variation of the needle.

MATHEWS, J., delivered the opinion of the court.

This is an action to ascertain and fix the limits of contiguous tracts of land, on which the plaintiff complains of an interference with the tract he claims, by an unauthorized line or limit between him and the defendants, John and

66

WESTERN DIS.
October 1832.

HICKMAN
vs.
HUDSON ET AL.

Jesse Hudson. The judgement of the court below was favorable to the pretensions of the latter, from which the former appealed.

The case involves questions relating to several tracts of land situated on the northeastern side of Red river, near to a place called the Regolets du bon Dieu. It appears by the evidence and titles produced, that a certain and well ascertained point was established, from which the upper line or limits of the tract granted to one Monet, is to commence; and on this limit, depends the course, which all the others embraced by this suit, must take. The defendants, however, rely on limits agreed on, and fixed by the consent of the owners of the property in dispute, who held previous to the present claimants. The testimony adduced in support of this agreement, does not, in our opinion, establish the fact of its existence.

In testing the correctness of the judgement of the District Court, we must, therefore, resort to the facts resulting from the whole evidence of the cause. Of these facts, the most important, indeed, that on which the decision turns, is the fact disclosed by the grant and survey of the tract conceded to Monet. This land was surveyed in 1794, according to a certificate of Don Carlos Trudeau, of that date. The survey was of ten arpens front on each side of Red River, with parallel limits running north forty degrees east on one side of the river, and south forty degrees west on the other side, without attending to the variation of the compass; which was eight degrees to the east of north, as ascertained for the purpose of showing the north forty degrees east of the globe. This, we believe to be a correct translation of this part of the surveyor's certificate, which was made in the Spanish language, and is in the words following: "*Los limites parahilas dirigredos norte quarenta grados este: Y al sur quarenta grados æuste de uno y otro lado del Rio, sin attendero a la variacion de la Busola variando estu de ocho grados al Norte-Este. Aquillos ocho grados feur in corrigidos a fin de senalar el norte quarenta grados este del globo.*"

This instrument could not admit of the least doubt as to its meaning, and consequently, no room would be left for interpretation had it stopped at the end of the first clause, *"sin attender ala varacion de la Busola."* Although the subsequent clause may have a tendency to create some obscurity and raise a faint doubt as to the course which the lines of the survey should pursue, yet we are of opinion that it ought not to be allowed to control the clear and positive designation of them as given by the first clause. According to this they are to run north forty degrees east, as shown by the needle without attention to its variation.

It may be true that this interpretation will leave the latter clause without any important effect on the pretensions of the parties to the present action, or in relation to any disputes which might arise respecting the land, as surveyed. But a designation of the true meridian thus made at the time of the survey, would perhaps not be wholly useless as ascertaining the lines in future times, although run on the magnetic course as was done according to the certificate of the surveyor. Be this, however, as it may, we are of opinion that these last expressions in the certificate of survey cannot by any just interpretation destroy the position and express direction given to the lines of this tract of land, without regard to the variation of the compass.

We think the court below erred in its construction of the survey of land granted to Monet; and as all the limits now in dispute depend on the upper line of this tract, that error has caused an erroneous judgement in them all.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled; and proceeding here to give such judgement as in our opinion ought to have been given in the court below, it is further ordered, adjudged, and decreed, that the line A, B, C, marked on the plat made and returned by K. McCrummen, be fixed and established as the upper limit of the tract of land granted to Monet, which line runs north forty degrees

Western Dis, October, 1832.

HICKMAN
vs.
HUDSON ET AL.

In an action of boundary, when the true position of several dividing lines depends on the true course of a base line, which calls to run "north forty degrees east, without attending to the variation of the compass, which was eight degrees to the east of north, as ascertained for the purpose of showing the north forty degrees east of the true meridian on the globe;" such line will be taken, and construed to run "north forty degrees east, as shown by the needle," without attention to or allowing first variation.

WESTERN DIS.   east, according to the magnetic meridian.   And it is further
October, 1832.
                ordered, that all the contested limits of the other tracts of
HUDSON ET AL.   land referred to in this suit, be made, fixed, and established,
  vs.
PLUNKETT        in accordance with the course of the upper limit of the Monet
  ET AL.        tract, and in reference to the quantity of land in front on the
                river, to which each of the parties to this suit may be entitled.
                It is further ordered, that these parties be put or maintained
                in their several rights and possessions in pursuance of this
                judgement.   The defendants and appellees to pay costs in
                both courts.